UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DONALD THOMAS HADEED,**

      **Plaintiff,**

v.                                           Case No:  6:15-cv-392-Orl-41GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. §406(b) (Doc. No. 24)** |
| **FILED:** | **July 31, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as premature**.

On March 5, 2015, Plaintiff and his counsel, Richard A. Culbertson, entered into a contingency fee agreement (the "Agreement") whereby Plaintiff agreed to pay counsel a fee of twenty-five percent of the total amount of past-due benefits ultimately awarded. Doc. No. 24-1. On December 11, 2015, the Court ordered that the judgment be reversed and this case remanded to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 21. On January 11, 2016, Plaintiff was awarded attorney's fees in the amount of $3,628.64 under the Equal Access to Justice Act, 28 U.S.C. §

2412(d) (the "EAJA"). Doc. No. 23 at 2-3. On July 12, 2018, the Social Security Administration (the "Administration") sent a letter to Culbertson stating that it is withholding $16,035.45 from Plaintiff's past-due benefits, which represents twenty-five percent of the past-due benefits, "in anticipation of direct payment of an authorized attorney's fee for services before the USDC." Doc. No. 24-2. There is no other information before the Court regarding the amount of past-due benefits awarded to Plaintiff.

On July 31, 2018, Culbertson filed a motion (the "Motion") for an award of attorney's fees, pursuant to 42 U.S.C. § 406(b). Doc. No. 24. In the Motion, Culbertson requests an award of $12,406.81 in attorney's fees, pursuant to § 406(b), which represents $16,035.45, less the fees Plaintiff received under the EAJA. *Id.* at ¶ 3. The Motion is unopposed. *Id.* at 3. Culbertson also stated in the Motion that fees have not yet been awarded under 42 U.S.C. § 406(a), for work representing Plaintiff at the administrative level. *Id.* at ¶ 3.

On August 3, 2018, the Court ordered Culbertson to provide more information regarding the status of an award of fees under § 406(a) and the timeliness of the Motion. Doc. No. 26. On August 8, 2018, Culbertson filed a Supplemental Memorandum addressing the Court's concerns.[1] Doc. No. 27. In the Supplemental Memorandum, Culbertson states that Plaintiff was represented before the Administration on remand by attorney Jon E. Benezette, Esq. *Id.* at 1-2. Culbertson represents that Benezette filed a petition seeking an award of $6,000 for his work representing Plaintiff before the Administration, and the administrative law judge has not yet ruled on the

---

[1] Culbertson stated in the Supplemental Memorandum that the Administration's only letter to him regarding the amount withheld for attorney's fees was dated July 12, 2018, which shows the Motion, filed July 31, 2018, was filed in compliance with the thirty-day rule. *See In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, No. 6:12-mc-124-crl-22, at ¶ I (May 8, 2014) (attorney seeking attorney's fees under § 406(b) "must file a motion for approval of such fees no later than thirty (30) days after the date of the Social Security letter sent to plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees.").

petition. *Id.* at 2.

In *Wood v. Commissioner of Social Security*, 861 F.3d 1197, 1206 (11th Cir. 2017), the Eleventh Circuit held that a § 406(b) award must be reduced by the EAJA award. Additionally, the § 406(a) and § 406(b) fees awarded may not exceed twenty-five percent of the plaintiff's past-due benefits awarded. *See id.* at 1205.

Here, the correct amount of the § 406(b) award cannot yet be calculated in accordance with *Wood* because the petition for § 406(a) fees remains pending before the Administration. When faced with the situation of a possible § 406(a) award following a request for authorization to charge a reasonable fee under § 406(b), one solution has been to state that the orders or reports and recommendations shall not be construed as authorizing the collection of § 406(a) and § 406(b) fees exceeding twenty-five percent of the plaintiffs' past-due benefits. *Lamm v. Comm'r of Soc. Sec.*, No. 6:12-cv-1428-Orl-GJK, Doc. No. 29 at 5 n.3 (M.D. Fla. July 14, 2016). Other solutions include prohibiting counsel from seeking attorney's fees from the Administration pursuant to § 406(a). *Bibber v. Comm'r of Soc. Sec.*, No. 6:12-CV-1337-ORL-37DAB, 2015 WL 476190, at *4 (M.D. Fla. Feb. 5, 2015). Neither solution is practical in this case, where the attorney seeking the § 406(a) fees is different from and not affiliated with the attorney seeking authorization to charge a reasonable fee under § 406(b).[2] Instead, in this case, it is recommended that the Court deny the Motion as premature, due to the pending resolution of the § 406(a) petition by the Administration, and find that a future motion for authorization to charge a reasonable attorney's fee under § 406(b) is timely filed if filed within thirty days from the date of the Administration's determination of the

---

[2] Although the attorneys are different, the prohibition against the attorney's fee awards under § 406(a) and § 406(b) exceeding twenty-five percent of the plaintiff's recovery applies. *See Paltan v. Comm'r of Soc. Sec.*, 518 F. App'x 673, 674 (11th Cir. 2013) (attorney representing the plaintiff before the administration and the attorney representing the plaintiff before the district court "could receive, in the aggregate, 25% of those past-due benefits as attorney's fees . . . .").

request for § 406(a) fees.[3]

Accordingly, it is **RECOMMENDED** that the Motion, Doc. No. 24, be **DENIED as premature** and that a future motion for authorization to charge a reasonable attorney's fee under § 406(b) be deemed timely filed if it is filed within thirty days from the date of the Administration's determination of the request for § 406(a) fees.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 29, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[3] The Motion also fails to provide the amount of the past-due benefits awarded to Plaintiff. Although Culbertson received a letter stating that $16,035.45 represents twenty-five percent of the past-due benefits awarded, it appears that despite his many requests to the Administration, the Administration has not specifically stated to him the actual amount of the past-due benefits awarded. Doc. Nos. 27-3, 27-4, 27-5. Without that information, the Court cannot determine if the amount requested under § 406(b) is correctly calculated.